UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| EVERETT J. BROADNAX, | ) |
| Plaintiff, | ) Case No. 1:23-cv-197 |
| v. | ) Judge Travis R. McDonough |
| WILLIAM SAIDBURY, CAPTAIN KNIGHT, DETECTIVE SHORT, OFFICER WIDOWS, and OFFICER DENTON, | ) Magistrate Judge Susan K. Lee |
| Defendants. | ) |

**OPINION**

Plaintiff, an inmate housed in the Hamilton County Silverdale Detention Center, has filed (1) a pro se complaint for violation of 42 U.S.C. § 1983 (Doc. 1); (2) an "appendix" to the complaint in which he sets forth factual and legal allegations related to claims arising out of an investigation of thirty inmates after a fight in the jail and certain jail conditions (Doc. 1-1); and (3) a motion for leave to proceed *in forma pauperis* (Doc. 4). For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (*Id.*) will be **GRANTED**. Also, this action will be **DISMISSED** because the complaint does not allow the Court to plausibly infer that any Defendant violated Plaintiff's constitutional rights, and it therefore fails to state a claim upon which relief may be granted under § 1983.

I.     **FILING FEE**

First, as it appears from Plaintiff's motion for leave to proceed *in forma pauperis* (*Id.*) that he cannot pay the filing fee, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00.  The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to both the custodian of inmate accounts at Plaintiff's current institution and the Court's financial deputy.  This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.  COMPLAINT SCREENING

### A.  Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)."  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B.  Allegations

On May 28, 2023, two brothers in Delta Dorm Pod 1 had an altercation with several other inmates. (Doc. 1, at 3; Doc. 1-1, at 4–5.) According to Plaintiff, thirty "other inmates" were charged with aggravated assault, false imprisonment, and tampering with evidence after this altercation. (Doc. 1-1, at 4.) However, Plaintiff alleges that a "[p]roper investigation was not done in accordance with due process of law," and he therefore asserts that the investigation violated the inmates' rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment. (*Id.* at 5.) Plaintiff specifically claims that most of the thirty charged inmates saw a magistrate before they were "booked and fingerprinted," but due process and/or a rule of criminal procedure requires that individuals be arrested, booked, and fingerprinted before seeing the magistrate judge. (*Id.* at 5–6.)

Plaintiff then summarizes the Fifth and Sixth Amendments and states that the thirty inmates were charged without jail officials issuing a disciplinary report. (*Id.* at 7.) Plaintiff also

3

sets forth various alleged inadequacies in the investigation of the thirty inmates and contends that the investigation violated many of the inmates' constitutional rights. (*Id.* at 8–10.)

Plaintiff next claims that the living conditions at the jail also have caused violations of the inmates' constitutional rights. (*Id.* at 11.) Plaintiff specifically states that inmates sleep on the floor in between bunks and in the day room and experience twenty-four-hour lockdowns and overcrowding every day. (*Id.* at 11.) Plaintiff further asserts that the jail's conditions cause the inmates mental and emotional stress and "P.T.S.[D]." (*Id.*) Additionally, according to Plaintiff, the jail's lack of proper medical intake procedures has caused unsafe conditions for another inmate who has "a heart machine in his chest" and other medical conditions. (*Id.*) Plaintiff then sets forth legal citations related to amendment of complaints and supervisory liability. (*Id.* at 12.)

Plaintiff has sued William Saidbury, Captain Knight, Detective Short, Officer Widdows, and Officer Denton. (Doc. 1, at 3.) As relief, Plaintiff requests eight million dollars, "legal fees and filing charges returned, the charges taken off [his] record, [] [his] record cleaned," sealing of his record, and that Fox News apologize for releasing the wrong information on television. (*Id.* at 4; Doc. 1-1, at 13.)

C.   **Analysis**

First, Plaintiff does not allege that he is one of the thirty inmates charged due to the altercation underlying his complaint. Nor does he allege or set forth any facts suggesting that the overcrowding or medical neglect in the jail has affected him. But Plaintiff lacks standing to assert the rights of other inmates. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners."). Thus, Plaintiff's

4

claims regarding the investigation and these jail conditions are subject to dismissal on this ground.

Also, Plaintiff does not allege or set forth any facts from which the Court can plausibly infer that any named Defendant was personally involved in or responsible for the investigatory acts and/or jail conditions at issue in his complaint. As such, his claims arising out of these allegations also are subject to dismissal on this ground. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

Plaintiff's claims that the jail is overcrowded and has lockdowns also fail to state a claim upon which relief may be granted under § 1983 because the complaint does not allow the Court to plausibly infer that these jail conditions rise to the level of constitutional violations. Specifically, it is well-established that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). As such, only allegations of "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" support a cognizable conditions-of-confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (citations and quotations omitted). As to the lockdowns, Plaintiff does not state how many days in a row these twenty-four-hour lockdowns have occurred. And he alleges that some inmates sleep in a day room, which demonstrates that inmates are not locked in cells during these lockdowns. Moreover, Plaintiff does not claim that he has experienced any extreme deprivation due to the alleged lockdowns. Likewise, as to the overcrowding, Plaintiff does not assert that this condition causes him any extreme deprivation, and overcrowding alone is not a constitutional violation. *Rhodes*, 452 U.S. at 347–48; *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012); *see also Hubbard v. Taylor*, 538 F.3d 229, 235–36 (3d Cir. 2008) (finding

5

that forcing pretrial detainees to sleep on a floor mattress for three to seven months due to overcrowding is not a constitutional violation).

Additionally, even if the Court liberally construes the complaint to allege that Plaintiff has been subjected to the investigation at issue in the complaint, claims challenging an ongoing criminal investigation are not cognizable under § 1983, as that investigation implicates important state interests, and Plaintiff may bring his challenges in that criminal action. *Younger v. Harris*, 401 U.S. 37 (1971) (holding that that federal courts must abstain from entertaining lawsuits by plaintiffs seeking to enjoin a criminal prosecution against them in state court where those ongoing proceedings implicate important state interests, and the plaintiffs have an adequate opportunity to raise their challenges in that forum).

Similarly, to the extent that Plaintiff's complaint could be liberally construed to challenge an underlying state court conviction that resulted from an improper investigation, such a challenge likewise is not cognizable under §1983, as nothing in the complaint suggests that a state court has reversed, expunged, or otherwise invalidated that conviction, or that a federal court has issued a writ of habeas corpus for the conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (holding that if a judgment for plaintiff necessarily implies the invalidity of an underlying criminal conviction, the action must be dismissed unless the plaintiff can show the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus).

For all of these reasons, even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under §1983.

### III.   CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**